UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGE HOM,

        Plaintiff,

    -against-

THE HONORABLE LAWRENCE BRENNAN,
J.F.C, THE HONORABLE CARNELL FOSKEY,
J.F.C., DOROTHY PHILLIPS, ESQ., LAW
DEPARTMENT SUPERVISOR, DEBBIE
MEHR, FAMILY COURT CLERK
SUPERVISOR, NEW YORK STATE
GOVERNOR GEORGE PATAKI, LOIS
GROSSMAN, ESQ.,

        Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
03-CV-2198 (ADS) (ETB)

**APPEARANCES:**

**GEORGE HOM**
*Pro Se* Plaintiff
840 Lydia Lane
Westbury, New York 11590

**ERIC T. SCHNEIDERMAN,**
**ATTORNEY GENERAL OF THE STATE OF NEW YORK**
Attorney for the Honorable Lawrence Brennan, J.F.C., The Honorable Carnell Foskey, J.F.C., Dorothy Phillips, Esq., Debbie Mehr, and former New York State Governor George Pataki
200 Old Country Road, Suite 460
Mineola, New York 11501-4241
    By:    Ralph Pernick, Assistant Attorney General

**GARBARINI & SCHER, P.C.**
Attorneys for the Defendant Lois Grossman, Esq.
432 Park Avenue South, 9th Floor
New York, New York 10016
    By:    Gregg D. Weinstock, Esq., Of Counsel

**SPATT, District Judge.**

The Plaintiff George Hom (the "Plaintiff" or "Hom"), proceeding *pro se*, commenced this action in April 2003 against the Honorable Lawrence Brennan, J.F.C. ("Judge Brennan"), the Honorable Carnell Foskey, J.F.C. ("Judge Foskey"), Dorothy Phillips, Esq. ("Phillips"), Debbie Mehr ("Mehr"), and New York State Governor George Pataki ("Pataki") (collectively, the "State Defendants"), and Lois Grossman, Esq. ("Grossman") (collectively, the "Defendants") alleging, among other things, that the Defendants deprived him of his civil rights in violation of 42 U.S.C. § 1983 ("Section 1983").

On March 5, 2005, the Court issued an Order dismissing the Complaint with prejudice. In addition, the Clerk of the Court was directed to close the case. The Plaintiff has now filed a motion to "renew" the Court's decision dismissing the action. For the reasons set forth below, the Plaintiff's motion is denied.

## I.  BACKGROUND

In 2000, the Plaintiff was involved in litigation in the Nassau County Family Court against his former spouse Jane Zullo (the "Family Court action"). On or about November 1, 2001, the Family Court action was re-assigned to Judge Brennan. The Plaintiff alleges that during the time in which Judge Brennan was presiding over the family court case, he "deliberately displayed open bias against [the] plaintiff." (Compl. ¶ 6.) For example, the Plaintiff alleges that from November 1, 2001 through February, 2003, Judge Brennan held scheduled monthly open court appearances in which the he allegedly "continuously, willfully, and repeatedly threatened and intimidated" the Plaintiff. (Compl. ¶ 8b). The Plaintiff further alleges that from November 1, 2001 through March 27, 2003, Judge Brennan allegedly "delayed the administration of his judicial duties" by not addressing certain motions. (Compl. ¶10.)

2

On or about March 13, 2002, Phillips, the supervising law clerk at the Family Court, held a closed door conference with respect to a then pending custody/visitation proceeding. After this proceeding, Phillips allegedly threatened and coerced the Plaintiff into settling his custody petition. The Plaintiff further claims that on or about June 11, 2002, Phillips allegedly conspired with a representative of the Nassau-Suffolk Law Services by engaging in "ex-parte communications with Nassau-Suffolk Law Services" in which the "actual directives of a certain court order dated March 22, 2002 were altered." (Compl. ¶ 15(b)). As a result, the Plaintiff allegedly suffered "extraordinary damages."

Almost one year later, on or about March 25, 2003, the Plaintiff filed an Article 78 petition in the New York State Supreme Court, County of Nassau making, among other things, a request that Judge Brennan recuse himself from the Family Court action. On April 3, 2003, Judge Brennan recused himself and the case was subsequently transferred to Judge Foskey.

On April 7, 2003, upon Judge Foskey's request, Grossman, a supervising attorney with the Nassau-Suffolk Law Services Committee who represents Zullo, provided a case status report and allegedly misstated certain information regarding an incarceration proceeding. The Plaintiff alleges that after he responded to Grossman's allegedly incorrect status report, Judge Foskey held an incarceration proceeding after which the Plaintiff was incarcerated overnight. The Plaintiff further alleges that his incarceration was also caused by Judge Brennan's delays in reducing his court rulings into writing. Also, Grossman allegedly gave two boxes of donuts to "someone in the Law Department office" in exchange for documents which the Plaintiff later learned was a copy of his order to show cause. (Compl. ¶ 31.)

On or about April 21, 2003, the Plaintiff, proceeding *pro se*, commenced this action in the New York Supreme Court, County of Nassau. The complaint entitled "Amended Article 78

Proceeding [] and Sect[ion] 1983 Litigation in State Court" asserted nine causes of action including, among other things that Judge Brennan, together with the other defendants, conspired to deprive the Plaintiff of his civil rights as guaranteed to him under the United States Constitution. (Compl. ¶ 46.)

On May 7, 2003, Grossman filed a Notice of Removal to this Court with the consent of the State Defendants. Subsequently, the Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On March 5, 2005, the Court ordered that the complaint be dismissed with prejudice and directed the Clerk of the Court to close the case. The Plaintiff subsequently appealed this decision to the United States Court of Appeals for the Second Circuit. On January 3, 2006, the Court of Appeals "dismissed [the appeal] because it lacks an arguable basis in fact or law."

On July 27, 2010, the Plaintiff filed the present motion to "renew", pursuant to New York Civil Practice Law and Rules ("CPLR") § 2221(e), which the Court construes as a motion for reconsideration. The Plaintiff also moved pursuant to 18 U.S.C. § 371 "for alleged federal charges, if made of the contents to hinder any other person in executing or enjoying its civil rights given by the U.S. Constitution." For reasons that are not entirely clear, the motion was not electronically filed. Thereafter, on July 21, 2011, the Plaintiff refiled his "motion to renew the Order of Dismissal, dated March 5, 2005, Spatt, J."

## II.   DISCUSSION

### A. As to Whether a Motion to Renew Under CPLR § 2221(e) is Proper

As an initial matter, the Court finds that the Plaintiff's motion to "renew" was not brought properly. To the extent that the Plaintiff is seeking to renew his claims pursuant to the procedures described in CPLR § 2221(e), he cannot prevail in utilizing this mechanism to have

4

his claims heard for a second time. Section 2221(e) provides that a motion for leave to renew: (1) shall be identified specifically as such; (2) shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (3) shall contain reasonable justification for the failure to present such facts on the prior motion. However, as the Defendant correctly points out, the provisions of the CPLR, including Section 2221(e), apply only to proceedings in New York State courts. CPLR § 101. See Catskill Development, L.L.C. v. Park Place Entertainment Corp., 204 F. Supp. 2d 647, 648 (S.D.N.Y. 2002) ("plaintiffs filed a 'motion to renew' (a form of motion recognized by New York State's Civil Practice Law and Rules, but nowhere mentioned in the Federal Rules of Civil Procedure).").

Moreover, even if this provision of the C.P.L.R. was applicable in this case, the Plaintiff does not base his claim "upon any new facts not offered in the prior motion" or "demonstrate a change in law that would change the prior determination;" nor does he provide "reasonable justification for the failure to present such facts in the prior motion." CPLR § 2221(e); see also Green v. N.Y. City Hous. Auth., 238 A.D.2d 458, 459, 724 N.Y.S.2d 631, 632 (2d Dep't 2001) ("In light of the mandatory language used by the Legislature in CPLR § 2221(e)(3), we reject the plaintiffs' contention that the Supreme Court had discretion to grant renewal, notwithstanding their omission of a reasonable justification for their failure to present new facts upon which their motion for leave to renew was based to the Supreme Court on their prior motion").

Accordingly, because the present motion is improper and without merit under the provision of CPLR § 2221(e), the Court denies the Plaintiff's motion to renew in this regard.

## B. As to Whether the Motion for Reconsideration is Timely

### 1. Local Rule 6.3

Although the present motion was improperly brought pursuant to CPLR § 2221(e), construing Hom's *pro se* motion to "renew" liberally, it nevertheless appears to be a potentially proper motion for reconsideration under the Federal Rules. A motion for reconsideration, also known as reargument, is governed by Local Rule 6.3 of the Eastern District of New York. Local Civil Rule 6.3, entitled "Motions for Reconsideration or Reargument", states that: "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."

However, the time for the Plaintiff to file a motion for reconsideration of the Court's March 10, 2005 Order expired over six years ago. Consequently, even if considered under the Federal Rules, the present motion would be untimely.

### 2. Federal Rule of Civil Procedure 60(b)

Even assuming, *arguendo*, that the Plaintiff's motion was timely under the Local Rules, the Plaintiff would nevertheless need to satisfy the requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b). Although the Plaintiff does not expressly state that he is moving pursuant to Fed. R. Civ. P. 60 for relief from a judgment, this Rule is nevertheless applicable. See Association for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995) ("Where there is no indication which Federal Rule of Civil Procedure applies, 'the courts have considered [a] motion [for reconsideration] either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order.'" (citing In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992)). Because the motion is untimely under Rule 59, the

Court will assess whether Hom's motion for reconsideration is proper pursuant to Rule 60(b). See Burnley, 988 F.2d at 3; Campbell v. Bartlett, 975 F.2d 1569, 1581 n.15 (10th Cir. 1992) ("Motions served within 10 days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b)." (quotations omitted)).

As an initial matter, with respect to the timing for filing a Rule 60(b) motion pursuant to subdivisions (1), (2), or (3), Rule 60(c)(1) states, in relevant part, that such Rule 60(b) motions "must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." As stated above, the entry of the judgment occurred on March 5, 2005 and the Plaintiff moved for reconsideration on July 27, 2010. Accordingly, to the extent that the Plaintiff wishes to seek relief from this Court's prior Order dismissing the Complaint pursuant to these three subdivisions, any such motion would be similarly untimely and therefore not properly asserted.

As for Rule 60(b)(6), the only other potentially applicable subdivision, "[r]elief under Rule 60(b)(6) is available if the movant acts in a timely fashion, which translates to a 'reasonable time.'" Paddington Partners v. Bouchard, 34 F.3d 1132, 1133 (2d Cir. 1994); Clarendon Nat. Ins. Co. v. TIG Reinsurance Co., 183 F.R.D. 112, 118 (S.D.N.Y. 1998). "What constitutes reasonable time for the purposes of Rule 60(b)(6) will necessarily vary with the particular circumstances of a case." P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp., 151 F.R.D. 32, 35 (S.D.N.Y. 1993). "Assessing whether a movant has satisfied the 'reasonable-time' limitations requires 'scrutin[izing] the particular circumstances of the case, and balanc[ing] the interests in finality with the reason for delay.'" Clarendon, 183 F.R.D. at 118 (citing PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)).

Notwithstanding the lack of rigidity to timely file a Rule 60(b)(6) motion, the Court finds that the Plaintiff's motion pursuant to this subdivision is also untimely. The Court recognizes that "[t]he policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation." 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2D § 2857 (West 1995). However, a motion for reconsideration "is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments which it could have made but neglected to make before judgment." Morris v. State of New York, No. 91 Civ. 634, 1995 WL 155953, at *2 (N.D.N.Y. April 5, 1995); 11 Wright, Miller & Kane, Federal Practice and Prcoedure: Civil 2D § 2810.1 (West 1995) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). A motion for reconsideration "is not intended merely to . . . give a disappointed litigant another chance." Agola v. Hagner, 678 F. Supp. 988, 991 (E.D.N.Y. 1987)). "[A] Rule 60(b)(6) motion requires extraordinary circumstances which typically do not exist where the applicant fails to move for relief promptly." Flemming v. New York, 423 Fed App'x 64, 65 (2d Cir. 2011).

The Plaintiff's motion seeks reconsideration of this Court's March 5, 2005 Order dismissing his Complaint. The Plaintiff filed the present motion on or about July 25, 2010, waiting more than five years to file his request for reconsideration. A delay of this duration, more than five years after the Court's initial judgment and more than four years after the Second Circuit's dismissal of his appeal, is not reasonable. The Plaintiff has not articulated any justifiable basis that would excuse this substantial delay, particularly in light of the Second Circuit's dismissal of his appeal in January 2006. Cf. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (Rule 60(b)(6) motion timely when made within days after remand to district court).

The only new point articulated by the Plaintiff which differs from his original filings in 2005 is that the Attorney General's Office had opened a case file to investigate his complaint and that the Plaintiff believes that "it clearly appears that Attorney General Cuomo's office has no intentions of investigating this matter. It is for these reasons that I believe it is time that I should bring this matter to the attention of the Courts." (Pl. Aff. at ¶ 6.) This explanation for bringing the present motion at this time does not outweigh the Court's interest in finality. See Truskoski v. ESPN, Inc., 60 F.3d 74, 76 (2d Cir. 1995) (motion filed 17 months after grounds for motion became apparent not filed within a "reasonable time" under Fed. R. Civ. P. 60(b)(6)); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979) (motion filed one year after order entered not filed within a "reasonable time" under Fed. R. Civ. P. 60(b)(6) where movant offered no explanation to support its "substantial delay").

Finally, even if the motion were timely filed, it would still fail, because "[r]elief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances," (Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001)) or "where the judgment may work an extreme and undue hardship" (Carrol v. Local 144 Pension Fund, 152 F.3d 917 (2d Cir. 1998)), and Hom has failed to allege any such circumstances.

Therefore, the Court concludes that the Plaintiff's motion, if construed under Rule 60 for relief from this Court's judgment, is denied.

### C. As to 18 U.S.C. § 371

Finally, even assuming that the present motion is timely, the Plaintiff's attempt to pursue a claim pursuant to 18 U.S.C. § 371 is without merit. This statute entitled "Conspiracy to commit offense or to defraud United States", states "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency

9

thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1371. "By its plain terms, the statute has no relevance to Plaintiff's claim as he has not alleged that Defendants conspired to defraud the United States." Huelbig v. Aurora Loan Servs., LLC, No. 10 Civ. 4348281, 2011 WL 4348281, at *8 (S.D.N.Y. May 18, 2011).

In addition, because Hom is a private citizen, he is without standing to criminally prosecute the Defendants under 18 U.S.C. § 241 for conspiring to interfere with or deprive him of his constitutional rights. Singh v. New York State Dep't of Taxation & Finance et. al, No. 06 Civ. 299, 2011 WL 3272465, at *23 (W.D.N.Y. July 28, 2011). The law in this Circuit is clear that there is no private right action under this statute. See D'Amato v. Rattoballi, 83 Fed. App'x. 359 (2d Cir. 2003) (§ 371 setting forth offense of conspiracy to commit offense against or to defraud United States does not provide for civil remedy); Huelbig, 2011 WL 4348281, at *8 ("In any event, there is no private right to sue under 18 U.S.C. § 371, which is a criminal statute."); See Singh, 2011 WL 3273465, at *23 ("With regard to Plaintiff's assertions that Brisbane Defendants' actions form a criminal conspiracy under 18 U.S.C. § 371 (" § 371"), § 371 criminalizes a conspiracy to commit any offense against or to defraud the United States, but, by its terms, does not provide for a private, civil cause of action to be brought by a private citizen for a conspiracy against such citizen."); Ng v. HSBC Mortgage Corp., No. 07 Civ. 5434, 2010 WL 889256, at * 10 (E.D.N.Y. Mar. 20, 2010) (citing Rapoport v. Republic of Mexico, 619 F. Supp. 1476, 1480 (D.D.C. 1985), and Lamont v. Haig, 539 F. Supp. 552, 558 (D.S.D. 1982)); Greenblatt v. Richard Potasky Jewelers, No. 93 Civ. 3652, 1994 WL 9754, at *4 n.4 (S.D.N.Y.

10

Jan. 13, 1994) ("Courts have consistently held that no private right of action exists pursuant to . . . 18 U.S.C. § 371[.]").

Accordingly, even if the Plaintiff's motion for reconsideration was not time barred, the Plaintiff has nevertheless failed to state a cause of action under 18 U.S.C. § 371 and his motion for reconsideration with regard to the conspiracy claim is therefore denied on this ground.

D. **As to the Request for a Free Transcript**

As a final matter, the Plaintiff has requested a free transcript of the August 27, 2003 hearing in this case regarding the Plaintiff's application for a temporary restraining order (Docket Entry No. 34). The Plaintiff has previously made this same request, articulating his belief that he is entitled to a free transcript pursuant to the Supreme Court's ruling in Griffin v. Illinois, 251 U.S. 12 (1956). However, the rule laid down in Griffin applies largely to criminal proceedings, not to civil litigants. Instead, the controlling rule provides that "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 735(f).

The Plaintiff now alleges that his case involves a criminal proceeding, namely a conspiracy to commit wrongful incarceration, and thus this is a quasi-criminal proceeding. Although the underlying factual background of this case involves a quasi-criminal proceeding in the Nassau County Family Court, the present action is undoubtedly a purely civil action pursuant to 18 U.S.C. § 1983. Although the Plaintiff attempts to cast his allegations under the guise of a "conspiracy," as set forth above, he cannot as a private citizen bring suit under 18 U.S.C. § 371. Nor can he pursue claims under 18 U.S.C. § 241, which Hom alludes to, because it is a criminal statute for which there is no private right of action. See Storm-Eggink v. Gottfried, 409 Fed

App'x 426, 427 (2d Cir. 2011). Therefore, the Court finds that the rule in Griffin is not applicable in this case. The Plaintiff is not constitutionally entitled to a free transcript of a prior intermediary hearing. While the Griffin principle has not been confined to cases in which imprisonment is at stake, it has been limited to cases that are quasi criminal in nature (see Mayer v. Chicago, 404 U.S. 189, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971)) or a small subset of civil cases where a fundamental interest is at stake (see M.L.B. v. S.L.J., 519 U.S. 102, 117 S. Ct. 555 (U.S. 1996)). Neither such circumstance is present here.

Moreover, the rule in Griffin was set out to ensure that once a State afford the right of appellate review, it may not "bolt the door to equal justice," id., at 24, 76 S.Ct., at 593 (Frankfurter, J., concurring in judgment). The Plaintiff here has already appealed the judgment of this Court to the Second Circuit, and thus any arguable need for a free transcript of this Court's previous proceedings is severely diminished.

Lastly, the Plaintiff has not demonstrated that either his appeal to the Second Circuit or his current motion for reconsideration are not frivolous. In fact, the United States Court of Appeals for the Second Circuit "dismissed [the appeal] because it lacks an arguable basis in fact or law."

For these reasons, the Plaintiff's request for the Court to provide him with a free transcript is once again denied.

## II. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's motion for reconsideration is denied; **and it is further**

**ORDERED** that the Plaintiff's request for a free transcript of the proceedings before this Court on August 27, 2003 is denied.

12

**SO ORDERED.**

Dated: Central Islip, New York
December 31, 2011

                                                                                      */s/ Arthur D. Spatt*
                                                                                     ARTHUR D. SPATT
                                                                  United States District Judge